DOROTHY D. GUILLORY
Attorney at Law, CSBN 114891
1271 Washington Ave., PMB 380
San Leandro, CA 94577
(510) 639-2959
Fax: (510) 639-2961

Attorney for Plaintiffs
WILLIAM DEVINE, HIDEKO DEVINE

FILED
MAY 22 2006
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

ADR

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

WILLIAM DEVINE, HIDEKO DEVINE,

Plaintiffs,

v.

SUSHI RAN, INC.,

Defendant.

_______________________________/

Case No. C06-03370 CRB

COMPLAINT FOR DAMAGES FOR RACE DISCRIMINATION IN VIOLATION OF TITLE II of THE CIVIL RIGHTS ACT OF 1964, and SECTIONS 1981 AND 1982 OF THE CIVIL RIGHTS ACT OF 1866

PRELIMINARY STATEMENT

1. Jurisdiction of the subject matter of this action is established in this court under Title II of the United States Civil Rights Act of 1964, as amended (42 United States Code Section 2000e et seq.), and 42 United States Code, sections 1981 and 1982, and pursuant to 28 USC section 1441. This is the proper venue for this action in that the unlawful conduct alleged herein was committed within this Court's judicial district.

2. This is an action arising from the discriminatory treatment accorded the Devines by Sushi Ran, Inc., a restaurant located in Sausalito, California. The Devines are a bi-racial couple. They assert that on May 22, 2004, restaurant personnel directed

them to sit in a part of the restaurant away from other white customers, required them to wait longer to be served than white customers, refused to serve them items on the menu that other white patrons were served, subjected them to rude treatment, including ignoring their requests for service and throwing a menu at Mr. Devine, falsely claimed that their credit card presented for purchases had been declined, stating so publicly in an effort to embarrass the Devines, and refused their request to speak to a manager about the discriminatory treatment.

3. By this action, the Devines seeks monetary relief, including compensatory and punitive damages, prejudgment interest, attorney's fees and costs of suit, and/or injunctive relief.

THE PARTIES

4. Sushi Ran, Inc. ("Defendant") is a restaurant open to the public and conducting business in Sausalito, California. It is subject to suit under Title II, and Sections 1981 and 1982.

5. Plaintiff William Devine is a Black male, over 65 years of age. He is a well-to-do real estate businessman. Plaintiff Hideko Devine is a Japanese female, over 60 years of age. She works as a secretary for a San Francisco law firm. Both are protected by Title II and Sections 1981 and 1981.

RELEVANT FACTS

6. On May 22, 2004, the Devines went to Sushi Ran in Sausalito for the first time for the purpose of having drinks and dinner to celebrate a very sentimental occasion. The Devines had made a prior reservation for dinner at 5:30 p.m.

7. Upon arriving at the restaurant, they asked to be seated for dinner, but restaurant personnel told them that no tables were available and that they would have to wait in the bar area until a table became available. The Devines then seated themselves in the bar area, but noticed while waiting that white patrons coming into the restaurant were being seated after a very short wait.

8. The Devines also observed that once they were seated in the bar area, a white female employee responsible for serving bar patrons displayed hostility toward them by refusing to acknowledge their presence or wait on them, while acknowledging the presence of and waiting on white customers who came into the bar area after them. After waiting an inordinately long period of time for service in the bar area, and after being repeatedly ignored by the white female employee, Mr. Devine commented to her that they were not being served, and he wanted service. Mr. Devine requested a menu. The white employee then literally threw a menu employee at Mr. Devine and left their area. The Devines observed that the white female was continuing to wait on white customers who came into the bar area with courtesy and a much different demeanor.

9. After another long wait, the white female employee finally asked the Devines what they wanted to order in a very nasty and rude tone of voice. the Devines asked for certain drinks but the employee claimed they didn't have the means to make the drinks. In spite of her conduct, the Devines proceeded to order drinks that the employee claimed the restaurant could provide, and continued to wait for another long period of time before the drinks were served. During the time they waited in the bar area, approximately an hour, the Devines were never called to a table.

10. After waiting over an hour for a table, and after experiencing discriminatory treatment in the bar area of the restaurant, the Devines decided that they would pay for their drinks and leave. Mr. Devine presented the white female employee with a credit card which had a line of credit over $5,000.00 in payment of the drinks they had ordered. After pretending to go through some procedure, the white female returned to the Devines and falsely proclaimed, loud enough for others in the bar area to hear, that the credit card presented by Mr. Devine had been declined. The Devines were humiliated by this false proclamation. Mr. Devine insisted that the purported declination was not accurate, as he had checked the available credit on the card before coming to the restaurant; and he offered to call the credit card company to verify this. After Mr. Devine

started to use his cell phone to call the credit card company, the white female reversed herself and stated that the credit card had been accepted. She gave no explanation for this reversal.



11. Before leaving the restaurant, Mr. Devine told the white female, and other restaurant employees that he wanted to speak to the manager on duty. However, the uniform response of those employees he contacted was that the manager was unavailable.

12. The Devines were extremely upset about the discriminatory treatment which they had been accorded at the restaurant. In addition to being embarrassing and humiliating, the experience ruined the celebration of the very sentimental occasion. As a result of the incident, the Devines have suffered pain, emotional distress and the physical manifestations of emotional distress, humiliation, mental anguish, and the loss of enjoyment of life.

13. On the day after the incident, Mr. Devine called the restaurant and left a message that he wanted to speak to a manager about the discriminatory treatment he and his wife had received at the restaurant. To date, no one from the restaurant has returned Mr. Devine's call.

SATISFACTION OF PRE-NOTICE REQUIREMENT

14. Before filing suit, Mr. Devine notified the proper local agency of Sushi Ran's discrimination in public accommodations.

FIRST FEDERAL CAUSE OF ACTION
RACE DISCRIMINATION IN VIOLATION OF TITLE II

15. Plaintiffs incorporate by reference as though fully set forth the allegations of paragraphs 1 - 14 above.

16. Sushi Ran is a restaurant subject to Title II of the Civil Rights Act of 1964, 42 USC section 2000(a).

17. On or about May 22, 2004, and continuing thereafter, Sushi Ran subjected

the Devines to discriminatory treatment based on race in violation of Title II.

18. The discriminatory actions of Sushi Ran has caused and will continue to cause the Devines to suffer pain, humiliation, mental anguish, loss of enjoyment of life. As a result of such discrimination and consequent harm, the Devines have suffered damages in an amount according to proof.

19. The above-recited actions of Sushi Ran were done with malice and/or with reckless indifference to Plaintiffs' rights under Title II, warranting the assessment of punitive damages in an amount sufficient to punish defendant and deter it and others from engaging in similar misconduct.

20. Plaintiff has no adequate remedy at law to secure relief for the loss and deprivation of rights and benefits. If this court does not enter an order enjoining Sushi Ran from further discriminating against Black persons, Plaintiffs and the class of persons to which he belongs will be irreparably harmed.

WHEREFORE Plaintiff prays for judgment as follows.

SECOND FEDERAL CAUSE OF ACTION
RACE DISCRIMINATION IN VIOLATION OF 42 USC SECTIONS 1981 and 1982

21. Plaintiffs incorporates by reference as though fully set forth the allegations of paragraphs 1 - 14 above.

22. Sushi Ran is a restaurant subject to the Civil Rights Act of 1866, 42 United States Code sections 1981 and 1982.

23. On or about May 22, 2004, and continuing thereafter, Sushi Ran subjected the Devines to discriminatory treatment based on race in violation of Sections 1981 and 1982, depriving the Devines of their right to contract and right to purchase personal property.

24. The discriminatory actions of Sushi Ran as set forth in preceding paragraphs has caused and will continue to cause the Devines to suffer emotional pain, humiliation, mental anguish, and loss of enjoyment of life. As a result of such according

discrimination and consequent harm, the Devines have suffered damages in an amount to proof.

25. The above-recited actions of Sushi Ran were done with malice and/or with reckless indifference to Plaintiffs' rights under Sections 1981 and 1982, warranting the assessment of punitive damages in an amount sufficient to punish Defendant and deter it and others from engaging in similar misconduct.

26. Plaintiffs have no adequate remedy at law to secure relief for the loss and deprivation of rights and benefits. If this court does not enter an order enjoining Sushi Ran from further discriminating against bi-racial couples and Black persons they will be irreparably harmed.

WHEREFORE Plaintiff prays for judgment as follows.

THIRD STATE CAUSE OF ACTION
VIOLATION OF UNRUH ACT

27. Plaintiffs incorporates by reference as though fully set forth the allegations of paragraphs 1 - 14 above.

28. Sushi Ran is a restaurant subject to the Unruh Act.

29. On or about May 22, 2004, and continuing thereafter, Sushi Ran subjected the Devines to discriminatory treatment based on race in violation of California's Unruh Act.

30. The discriminatory actions of Sushi Ran as set forth in preceding paragraphs has caused and will continue to cause the Devines to suffer emotional pain, humiliation, mental anguish, and loss of enjoyment of life. As a result of such discrimination and consequent harm, the Devines have suffered damages in an amount according to proof.

31. The above-recited actions of Sushi Ran were done with malice and/or with reckless indifference to Plaintiffs' rights under Sections 1981 and 1982, warranting the assessment of punitive damages in an amount sufficient to punish Defendant and

deter it and others from engaging in similar misconduct.

32. Plaintiffs have no adequate remedy at law to secure relief for the loss and deprivation of rights and benefits. If this court does not enter an order enjoining Sushi Ran from further discriminating against Black persons, Plaintiffs and the class of persons to which he belongs will be irreparably harmed.

WHEREFORE Plaintiff prays for judgment as follows.

FOURTH STATE CAUSE OF ACTION
INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

33. Plaintiff incorporates by reference as though fully set forth the allegations of paragraphs 1 - 14 above.

34. In doing the acts complained of, Defendant intentionally subjected Plaintiffs to severe and extreme emotional distress.

35. As a proximate result of Defendant's unlawful and intentional discriminatory actions against Plaintiffs, as alleged above, Plaintiffs have been harmed in that Plaintiffs have suffered pain, humiliation, embarrassment, mental anguish, loss of enjoyment of life, emotional distress and the physical manifestations of emotional distress. As a result of such discrimination and consequent harm, Plaintiffs have suffered damages in an amount according to proof.

36. The above-recited actions of Sushi Ran were done with malice and/or with reckless indifference to Plaintiffs' rights, warranting the assessment of punitive damages in an amount sufficient to punish Defendant and deter it and others from engaging in similar misconduct.

REQUEST FOR JURY TRIAL

37. Plaintiffs request a jury trial in this action.

WHEREFORE, Plaintiffs pray:

1. For compensatory damages in an account according to proof;

2. For punitive damages in an amount appropriate to punish Defendant

and deter others from engaging in similar misconduct;

3. For injunctive relief, including but not limited to an order enjoining Defendant from discriminating against bi-racial couples and Black patrons and for all other injunctive relief required to make Plaintiffs whole for the losses caused by



Defendant;

4. For costs of suit, including reasonable attorney's fees pursuant to statute;

5. For such other relief as the Court deems proper.

Dated: May 19, 2006

DOROTHY D. GUILLORY

Attorney for Plaintiffs William Devine and Hideko Devine